UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED COMMUNITIES, LLC**<br>222 Haddon Avenue, Suite 100<br>Haddon Township, New Jersey 08108-2827<br><br>*Plaintiff,*<br><br>v.<br><br>**THE DEPARTMENT OF DEFENSE**<br>1400 Defense Pentagon<br>Washington, DC 20301<br><br>*Defendant.* | Civil Case No.: 1:21-cv-394 |

## COMPLAINT

Plaintiff, United Communities, LLC ("United Communities" or "Plaintiff"), by and through its undersigned counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* to compel Defendant, the Department of Defense ("Defendant") to produce non-exempt records responsive to United Communities' FOIA requests and, in support thereof, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. This Court has authority to grant injunctive relief pursuant to FOIA, 5 U.S.C § 552(a)(4)(B).

3. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

4. Venue is proper under FOIA, 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

5. United Communities has exhausted all administrative remedies and otherwise satisfied all conditions precedent necessary to bring this action.

## PARTIES

6. United Communities is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 222 Haddon Avenue, Suite 100, Haddon Township, New Jersey 08108-2827.

7. Defendant, the United States Department of Defense, is an agency of the United States government and is headquartered at 1400 Defense Pentagon, Washington DC 20301.

8. Defendant has possession, custody, and control of the records to which United Communities seeks access.

## STATEMENT OF FACTS

*FOIA Request 17-F-0593*

9. On or about February 22, 2017, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), on behalf of its then-client, United Communities,[1] submitted a FOIA request (subsequently assigned FOIA case number 17-F-0593), attached hereto and incorporated herein by reference as Exhibit "A", through the online Office of the Secretary of Defense and Joint Staff ("OSD/JS") FOIA Requester Service Center.

10. On or about July 19, 2017, Defendant responded to FOIA request 17-F-0593. *See* Exhibit "B" attached hereto.

---

[1] For avoidance of doubt, Pillsbury and United Communities entered into an Assignment and Assumption Agreement dated December 4, 2020 wherein Pillsbury assigned and United Communities assumed all rights and interests in FOIA requests 17-F-0593, 17-F-0594, 17-F-0708, and 17-F-0710. A copy of the Assignment and Assumption Agreement was provided via email to Ms. Tonya R. Fuentes with the OSD/JS on December 15, 2020.

11.     On or about September 6, 2017, Defendant provided a revised final response to FOIA request 17-F-0593.

12.     In response to FOIA request 17-F-0593, Defendant purportedly found 27 responsive documents, totaling 423 pages. Of those 423 pages, Defendant disclosed only 296, and purportedly withheld 127 pages based on FOIA exemptions 4 and 6. Defendant withheld portions of Documents 1-25 were withheld and all of Documents 26 and 27.

13.     On or about October 24, 2017, Pillsbury, on behalf of United Communities, timely submitted its appeal of Defendant's adverse determination on FOIA request 17-F-0593. *See* Exhibit "C" attached hereto.

14.     Pursuant to FOIA, 5 U.S.C § 552(a)(6)(A)(ii), Defendant was required to make a determination with respect to the appeal regarding FOIA request 17-F-0593 within twenty (20) business days of receipt, and, if the denial of the request was upheld, notify Pillsbury of the provisions of judicial review for that determination.

15.     On October 26, 2017, Defendant responded to the appeal regarding FOIA Request 17-F-0593 representing that it is unable to complete its review of the appeal within the statutory time requirement but would issue a final decision upon completion of its review.

16.     As of the date of this Complaint, Defendant has failed to make a final decision or otherwise respond to the appeal regarding FOIA request 17-F-0593.

*FOIA Request 17-F-0594*

17.     On or about February 22, 2017, Pillsbury, on behalf of its then client, United Communities, submitted a FOIA request (subsequently assigned FOIA case number 17-F-0594), attached hereto and incorporated herein by reference as Exhibit "D", through the online OSD/JS FOIA Requester Service Center.

18. On or about September 19, 2017, Defendant provided its final response to FOIA request 17-F-0594. *See* Exhibit "E" attached hereto.

19. In response to FOIA request 17-F-0594, Defendant purportedly found 11 responsive documents, totaling 842 pages. Of those 842 pages, Defendant purportedly withheld 770 pages based on FOIA exemption 4, leaving only 72 pages to be disclosed. Defendant disclosed Documents 1 and 11 and withheld Documents 2 through 10 in their entirety.

20. On or about October 24, 2017, Pillsbury, on behalf of United Communities, timely submitted its appeal of Defendant's adverse determination on FOIA request 17-F-0594. *See* Exhibit "F" attached hereto.

21. Pursuant to FOIA, 5 U.S.C § 552(a)(6)(A)(ii), Defendant was required to make a determination with respect to the appeal regarding FOIA request 17-F-0594 within twenty (20) business days of receipt, and, if the denial of the request was upheld, notify Pillsbury of the provisions of judicial review for that determination.

22. On October 26, 2017, Defendant responded to the appeal regarding FOIA Request 17-F-0594 representing that it is unable to complete its review of the appeal within the statutory time requirement but would issue a final decision upon completion of its review.

23. On October 26, 2017, Defendant responded to the appeal regarding FOIA Request 17-F-0594 representing that it is unable to complete its review of the appeal within the statutory time requirement but would issue a final decision upon completion of its review.

24. As of the date of this Complaint, Defendant has failed to make a final decision or otherwise respond to the appeal regarding FOIA request 17-F-0594.

*FOIA Request 17-F-0708*

25. On or about March 15, 2017, Pillsbury, on behalf of its then client, United Communities, submitted two FOIA requests, attached hereto and incorporated herein by reference as Exhibit "G", through the online OSD/JS FOIA Requester Service Center.

26. The March 15, 2017 FOIA requests were subsequently assigned FOIA case numbers 17-F-0708 and 17-F-0710 and both requests were aggregated and processed under case number 17-F-0708.

27. On or about July 19, 2017, Defendant responded to FOIA request 17-F-0708. *See* Exhibit "H" attached hereto.

28. On or about September 6, 2017, Defendant provided a revised final response to FOIA request 17-F-0708. *See* Exhibit "I" attached hereto.

29. In response to FOIA request 17-F-0708, Defendant purportedly found 165 pages of responsive documents. Defendant purportedly withheld almost all of the 165 pages identified based on FOIA exemptions 4 and 6.

30. On or about October 24, 2017, Pillsbury, on behalf of United Communities, timely submitted its appeal of Defendant's adverse determination on FOIA request 17-F-0708. *See* Exhibit "J" attached hereto.

31. Pursuant to FOIA, 5 U.S.C § 552(a)(6)(A)(ii), Defendant was required to make a determination with respect to the appeal regarding FOIA request 17-F-0708 within twenty (20) business days of receipt, and, if the denial of the request was upheld, notify Pillsbury of the provisions of judicial review for that determination.

32. On October 26, 2017, Defendant responded to the appeal regarding FOIA Request 17-F-0708 representing that it is unable to complete its review of the appeal within the statutory time requirement but would issue a final decision upon completion of its review.

33. As of the date of this Complaint, Defendant has failed to make a final decision or otherwise respond to the appeal regarding FOIA request 17-F-0708.

*FOIA Request 21-F-0179*

34. On or about November 11, 2020, Smith, Currie & Hancock, LLP ("Smith Currie") on behalf of its client, United Communities,[2] submitted a FOIA request (subsequently assigned FOIA case number 21-F-0179), attached hereto and incorporated herein by reference as Exhibit "K", through the online OSD/JS FOIA Requester Service Center.

35. Pursuant to FOIA, 5 U.S.C § 552(a)(6)(A)(i), Defendant was required to make a determination with respect to FOIA request 21-F-0179 within twenty (20) business days of receipt.

36. As of the date of this Complaint, Defendant has acknowledged receipt of FOIA request 21-F-0179 but has otherwise failed to respond to the request.

37. Generally, United Communities' FOIA requests concern Defendant's collection and analysis of data and information and the determinations made based upon that data and information to establish annual Basic Allowance for Housing ("BAH") for a single Military Housing Area ("MHA") in New Jersey, BAH NJ 204.

---

[2] Smith Currie was unsuccessful in several attempts to contact the OSD/JS to clarify that FOIA request 21-F-0179 was submitted by Smith Currie on behalf of United Communities. On December 2, 2020, Smith Currie submitted another FOIA request (subsequently assigned FOIA case number 21-F-0249), identical to FOIA request 21-F-0179 clarifying that the request was made on behalf of United Communities. On December 4, 2020, Defendant administratively closed FOIA request 21-F-0249 noting that it was a duplicate of 21-F-0179.

38.     A report by the Government Accountability Office ("GAO"), GAO-21-137 dated January 2021, *Action Needed to Improve the Process for Setting Allowances for Servicemembers and Calculating Payment for Privatized Housing Projects*, reported that "[m]ultiple stakeholders, including DOD officials from the Office of Assistant Secretary of Defense for Sustainment, the services, and MHOs told us that the BAH process to set rates is not completely transparent. . . . Until DOD reviews and updates key information in its guidance, DOD's BAH rate-setting process will lack full transparency and servicemembers and others internal and external to DOD may not understand how rates are set."

39.     Since 2017, United Communities has sought and Defendant has failed to provide information United Communities is entitled to pursuant to FOIA regarding the BAH.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

40.     Plaintiff re-alleges and incorporates paragraphs 1 through 39 as if fully stated herein.

41.     Defendant is an "agency" within the meaning of 5 U.S.C. § 551(1).

42.     The records requested by United Communities' FOIA requests are "agency records" within the meaning of FOIA and Defendant has possession, custody, and control of the records requested.

43.     Defendant has failed to make reasonable efforts to search for records responsive to United Communities' FOIA requests, in violation of United Communities' rights under FOIA.

44.     Defendant has failed to disclose and produce all non-exempt records, or portions thereof, responsive to United Communities' FOIA requests in violation of United Communities' rights to those records under FOIA.

45. Defendant has failed to reasonably segregate non-exempt portions of documents responsive to United Communities' FOIA requests from those portions subject to an exemption.

46. Defendant has failed to demonstrate that any of the records responsive to United Communities' FOIA requests are exempt from production.

47. The records sought by United Communities under its FOIA requests are not exempt from production under exemptions 4 or 6 of FOIA or based on any other recognized exemption.

48. Defendant is improperly withholding agency records requested by United Communities pursuant to FOIA.

49. United Communities is being harmed by Defendant's improper withholding of the requested records in violation of United Communities' rights under FOIA, and will continue to be harmed unless Defendant is compelled to produce to United Communities all non-exempt records, or portions thereof, responsive to United Communities' FOIA requests.

50. United Communities is entitled to its reasonable attorneys' fees and costs pursuant to FOIA, 5 U.S.C § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United Communities, respectfully requests that this Court:

(a) Order Defendant to search for any and all records responsive to United Communities' FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests;

(b) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to United Communities' FOIA requests;

(c) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to United Communities' FOIA requests and a *Vaughan* Index of any responsive records withheld under claim of exemption;

(d) Grant United Communities an award of attorneys' fees and costs reasonably incurred in this action pursuant to 5 U.S.C § 552(a)(4)(E); and

(e) Grant such other relief as this Court deems just and proper.

SUBMITTED this 12th day of February 2021.

                                      Respectfully submitted,

                                      SMITH, CURRIE & HANCOCK LLP

                                      */s/ Sarah Carpenter*
Sarah K. Carpenter (DC Bar #1044814)
G. Scott Walters (DC Bar 974491)
Smith, Currie & Hancock LLP
1025 Connecticut Avenue, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 452-2140
Facsimile: (202) 775-8217
Email: skcarpenter@smithcurrie.com
       gswalters@smithcurrie.com

*Counsel for Plaintiff, United Communities, LLC*